UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NOCO COMPANY, | Case No. 1:21-cv-00936 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge David A. Ruiz |
| DEVON ANTHONY SMITH dba KITBOSE.COM, | |
| Defendant. | |

## OPINION AND ORDER

On February 7, 2022, Plaintiff NOCO Company moved for default judgment against Defendant Devon Anthony Smith, doing business as Kitbose.com. (ECF No. 15.) In the complaint, Plaintiff brought claims for unfair competition, trademark infringement and dilution, and tortious interference with contract and deceptive trade practices under Ohio law. (ECF No. 1.) Plaintiff seeks declaratory judgement and permanent injunctive relief. For the reasons that follow, the Court **GRANTS** Plaintiff's motion for default judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff NOCO Company designs, manufactures, and sells battery chargers, portable power devices and related battery accessories. (ECF No. 1, ¶ 2, PageID #1.) In connection with its business, Plaintiff owns copyrights for its proprietary images, designs, and content, and registered trademarks, including the marks NOCO and NOCO GENIUS. (*Id.* ¶ 10, PageID #2.)

In addition to selling its products on its website, Plaintiff sells its products to authorized resellers. (*Id.* ¶ 7, PageID #2.) To protect its brand, goodwill, and intellectual property, Plaintiff enters into a reseller agreement with every authorized reseller. (*Id.*, ¶¶ 8–10, PageID #2.) The reseller agreement limits resellers' use of Plaintiff's copyrights and trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the products. (*Id.*, ¶ 11, PageID #3; ECF No. 1-1, PageID #10.) Further, the reseller agreements permit sales only to retail consumers and expressly prohibit bulk sales or sales to wholesalers. (ECF No.1, ¶ 12, PageID #3; ECF No. 1-1, PageID #11.) The reseller agreement specifies that any warranties associated with the products are only valid when authorized resellers sell the products. (ECF No.1, ¶ 13, PageID #3; ECF No. 1-1, PageID #11.)

Since April 9, 2021, Defendant Devon Anthony Smith has been selling Plaintiff's products and using its copyrights and trademarks without Plaintiff's authorization or consent. (ECF No.1, ¶ 14, PageID #3.) Defendant is not an authorized reseller but rather obtains the products by purchasing them from other authorized resellers. (ECF No. 1, ¶ 14–18, PageID #3.) Then, Defendant sells the products on the website Kitbose.com. (*Id.*, ¶ 15, PageID #3; ECF No. 1-2, PageID #13.) On April 14, 2021, Plaintiff sent Defendant a letter informing Defendant that it was selling the products without authorization and in violation of Plaintiff's rights in its copyrights and trademarks. (ECF No. 1, ¶ 20, PageID #4; ECF No. 1-3, PageID #15.) The letter demanded that Defendant cease such conduct immediately. (ECF No. 1, ¶ 21, PageID #4; ECF No. 1-3, PageID #15.) However, Defendant continued to

sell the products without Plaintiff's consent or authorization. (ECF No. 1, ¶ 22, PageID #4.)

On May 5, 2021, Plaintiff filed a complaint against Defendant alleging that Defendant willfully infringed on Plaintiff's intellectual property by engaging in the unauthorized sale of products Plaintiff distributed. (ECF No. 1, ¶ 1, PageID #1.) Plaintiff asserted claims for unfair competition, trademark infringement and dilution, and tortious interference with contract and deceptive trade practices under Ohio law. (*Id.*, ¶ 30–54, PageID #5–7.)

After service by certified mail was returned unexecuted, Plaintiff served Defendant on September 23, 2021 by ordinary mail in accordance with Local Rule 4.2. (ECF No. 12.) Defendant failed to respond to Plaintiff's complaint. The Clerk noted Defendant's default on October 26, 2021. (ECF No. 14.) Plaintiff moved for default judgment, seeking permanent injunctive and declaratory relief. (ECF No. 15.) Defendant has not responded to Plaintiff's complaint or its motion for default judgment, nor has Defendant taken any other action.

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b).

Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

I. **Declaratory Judgment**

The Court may declare the "rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). As the owner of intellectual property, Plaintiff may seek a declaration of trademark infringement. *See Lang v. Pacific Marine & Supply Co.*, 895 F.2d 761, 763–64 (Fed. Cir. 1990). In its April 14, 2021 letter, Plaintiff informed Defendant that it was selling Plaintiff's products without authorization in violation of Plaintiff's rights in its copyrights and trademarks and demanded that Defendant cease such conduct. (ECF No. 1, ¶¶ 20–21, PageID #4; ECF No. 1-3, PageID #15.) Defendant continued to sell the products without Plaintiff's authorization or consent, thereby willfully infringing on Plaintiff's rights in its copyrights and trademarks. (ECF No. 1, ¶¶ 22–23, PageID #4.)

Based on the record as set forth above, the Court declares and makes the following findings:

4

    (i)    Defendant has no right or authorization to sell Plaintiff's products or use its trademarks and copyrights;

    (ii)    Defendant sold Plaintiff's product and used its trademarks and copyrights; and

    (iii)    Defendant's sales of Plaintiff's products and use of its trademarks were willful, have caused harm, and will continue to cause harm to Plaintiff.

## II. Defendant's Liability

Plaintiff seeks default judgment on its claims for unfair competition, tortious interference with contract, trademark infringement and dilution, and deceptive trade practices under Ohio law. (ECF No. 15.) While the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief. *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).

### II.A. Unfair Competition

Section 43(a) of the Lanham Act prohibits "any false description or representation" in advertising goods in interstate commerce. 15 U.S.C. § 1125(a). The test to decide whether there has been unfair competition is the likelihood of confusion between the two marks. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006). Based on the admitted factual allegations in Plaintiff's complaint, Defendant has falsely represented its affiliation with Plaintiff through its unauthorized use of Plaintiff's trademarks and copyrights. (ECF No. 1, ¶ 31, PageID #5.) Further, Defendant's use of Plaintiff's trademarks in connection with the sale of Plaintiff's

5

products is likely to cause confusion among consumers as to the source and origin of the products. (ECF No. 1, 43, PageID #6.) Therefore, Defendant is liable for unfair competition under the Lanham Act and under Ohio law. *See Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007) ("The analysis of an unfair competition claim under Ohio law is the same as that for a claim under the Lanham Act."). Therefore, the Court **GRANTS** Plaintiff default judgment with respect to this claim.

**II.B. Tortious Interference with Contract**

To hold Defendant liable for tortious interference with contract, Plaintiff must show: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 817 (6th Cir. 2008) (citing *Fred Siegel Co., L.P.A. v. Arter & Hadden,* 85 Ohio St. 3d 171, 176, 707 N.E.2d 853 (1999)).

Plaintiff has established the elements required to state a claim for relief for tortious interference with contract. Plaintiff's reseller agreements are valid, binding contracts. (ECF No. 1, ¶ 8, PageID #2; *see* ECF No. 1-1, PageID #10–12.) The reseller agreement only permits sales of Plaintiff's parties to retail consumers and expressly prohibits bulk sales or sales to wholesalers. (*Id.*, ¶ 12, PageID #3; ECF No. 1-1, PageID #11.) In the April 14, 2021 letter, Plaintiff made Defendant aware of these contracts and their requirement that authorized resellers comply with Plaintiff's policies and procedures, including the policy that only authorized resellers are

6

permitted to extend Plaintiff's product warranty protections to consumers. (*Id.*, 20–22, PageID #4; ECF No. 1-3, PageID #15.) Defendant induced one or more authorized reseller to sell Plaintiff's products to Defendant in breach of the reseller agreement (ECF No. 1, ¶¶ 16–18, 37, PageID #3, #6), and these actions have damaged Plaintiff. (ECF No. 1, ¶ 32, PageID #5; ECF No. 15-2, ¶ 10, PageID #11). Accordingly, the Court **GRANTS** Plaintiff default judgment on its claim for tortious interference with contract.

### II.C. Trademark Infringement Claim

To establish trademark infringement under 15 U.S.C. § 1114, Plaintiff must show: (1) that it owns a trademark, (2) that the infringer used the mark in commerce without authorization, and (3) that the use of the alleged infringing trademark "is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 502 (6th Cir. 2013). The same test for unfair competition—likelihood of confusion—is also used for trademark infringement. *Audi*, 469 F.3d at 542. A defendant's infringing conduct is willful where the defendant "had knowledge that its actions constitute an infringement." *McGee*, 490 F.Supp.2d at 880 (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D.Mich.2006)).

Plaintiff has provided sufficient factual evidence to establish liability for trademark infringement. Plaintiff owns valid trademarks for NOCO and NOCO GENIUS. (ECF No. 1, ¶ 10, PageID #2.) To its motion for default judgment, Plaintiff attached proof of ownership. (*See* ECF No. 15-4, PageID #117 and ECF No. 15-5,

7

PageID #119). Defendant used these trademarks without authorization in connection with sales of Plaintiff's products on Defendant's website. (ECF No. 1, ¶¶ 15, 42, PageID #3, #6; ECF No. 1-2, PageID #13.) By defaulting, Defendant admits that its use of Plaintiff's trademarks has caused and will continue to cause confusion among consumers regarding the origin and quality of the goods offered by Defendant. (ECF No. 1, ¶ 43, PageID #6.) Further, by continuing to sell the products after receiving Plaintiff's April 14, 2021 cease-and-desist letter, Defendant willfully infringed on Plaintiff's intellectual property rights. (*Id.*, ¶20–23, PageID #4.) Accordingly, the Court **GRANTS** Plaintiff default judgment against Defendant for willful trademark infringement.

### II.D. Trademark Dilution Claim

To prevail on a trademark dilution claim, Plaintiff must show that its trademark is (1) famous and (2) distinctive, and that Defendant's use of the mark (3) was in commerce, (4) began after Plaintiff's mark became famous, and (5) caused dilution of the distinctive quality of Plaintiff's mark. *Audi*, 469 F.3d at 547 (cleaned up). Unlike unfair competition and trademark infringement, trademark dilution is not based on likelihood of confusion but rather protects the trademark holder's right in the integrity and distinctiveness of the mark. *Id.*

Plaintiff's trademarks are famous and distinctive within the battery charger and rechargeable battery industry. (ECF No. 1, ¶ 48, PageID #7; ECF No. 15-2, ¶ 4, PageID #110.) Further, Plaintiff's trademarks have acquired goodwill and a reputation for top quality. (ECF No. 1, ¶ 49, PageID #7; ECF No. 15-2, ¶ 4, PageID

8

#110.) Defendant began using Plaintiff's marks in its sale of products at least as early as April 9, 2021. (ECF No. 1, ¶ 14, PageID #3.) Plaintiff's trademarks were famous in the battery industry at the time of those sales. (ECF No. 15-2, ¶¶ 3–4, PageID #110.) Defendant's sales of Plaintiff's products have diluted Plaintiff's trademarks and diminished Plaintiff's reputation because Plaintiff cannot guarantee the quality of the products being sold, nor do the products come with Plaintiff's warranty. (ECF No. 1, ¶ 49, PageID #7; ECF No. 15-2, ¶¶ 7–8, PageID #111.) Based on these admitted facts, the Court **GRANTS** Plaintiff's motion for default judgment on its claim of trademark dilution.

### II.E. Ohio Deceptive Trade Practices Act Claim

Ohio law prohibits persons from engaging in conduct that "causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services" or that "causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another." Ohio Rev. Code §§ 4165.02(A)(2) & (A)(3). As discussed in relation to the unfair competition and trademark dilution claims, Defendant's use of Plaintiff's trademarks is likely to cause confusion among consumers as to the source and origin of the products. (ECF No. 1, ¶ 43, PageID #6.) Further, Defendant's use of the trademarks is likely to cause the misperception that Defendant is affiliated with Plaintiff, which it is not. (*Id.*, ¶ 53, PageID #7.) Accordingly, the Court **GRANTS** Plaintiff's motion for default judgment on this claim.

### III.   Injunctive Relief

The Lanham Act provides the Court with the power to issue an injunction to prevent trademark infringement "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. §§ 1116(a) & 1125(c)(2). In the Sixth Circuit, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Audi*, 469 F.3d at 550 (quoting *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir.1988)). To obtain a permanent injunction, Plaintiff must show it (1) has suffered irreparable injury, (2) there is no adequate remedy at law, (3) the "balance of hardships" favors injunctive relief; and (4) a permanent injunction serves the public interest. *Audi*, 469 F.3d at 550.

As to the first factor, no particular finding of irreparable harm is necessary for injunctive relief in trademark infringement or unfair competition cases. *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999) (citing *Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991)). Rather, irreparable injury "ordinarily follows when a likelihood of confusion or possible risk to reputation appears" from infringement or unfair competition. *Id*. Here, Plaintiff has suffered irreparable injury because Defendant's conduct is likely to cause confusion. As to the second, there is no adequate remedy at law where there is potential for future harm from infringement. *Audi*, 469 F.3d at 550. Also, there is potential for future harm from infringement on the facts presented because Defendant continued its infringing

10

conduct after it received Plaintiff's April 14, 2021 cease-and-desist letter, making it likely that Defendant will continue its infringing conduct in the future.

Regarding the balance of hardships, a permanent injunction is warranted because Defendant faces no hardship in refraining from willful trademark infringement, whereas Plaintiff faces hardship from Defendant's infringing conduct. Finally, it is in the public's interest to issue a permanent injunction. "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *McGee*, 490 F. Supp. 2d at 883 (quoting *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983)).

After weighing the factors above, the Court determines that a permanent injunction enjoining Defendant is warranted. Accordingly, the Court permanently enjoins Defendant, and any of its affiliates, successors, or assigns from selling the Plaintiff's products or any product distributed by Plaintiff hereafter and from using Plaintiff's trademarks in any manner whatsoever.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment. The Court **PERMANENTLY ENJOINS** Defendant from selling Plaintiff's products on Kitbose.com or on any other website.

Further, the Court **DECLARES** that:

(i)  Defendant has no right or authorization to sell Plaintiff's products or use its trademarks and copyrights;

(ii) Defendant sold Plaintiff's products and used its trademarks and copyrights;

(iii) Defendant's sales of Plaintiff's products and use of its trademarks were willful, have caused harmed, and will continue to cause harm to the Plaintiff.

**SO ORDERED.**

Dated: February 25, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio