UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NOCO COMPANY, | Case No. 1:21-cv-00936 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | |
| DEVON ANTHONY SMITH dba KITBOSE.COM, | |
| Defendant. | |

**OPINION AND ORDER**

On February 25, 2022, the Court granted Plaintiff's motion for default judgment. On May 19, 2022, Plaintiff sought leave to file a motion *instanter* for attorneys' fees and costs, seeking $8,642.81 in total. For the following reasons, the Court **GRANTS** Plaintiff's motion and **AWARDS** Plaintiff $8,642.81 for attorneys' fees and costs.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff NOCO Company designs, manufactures, and sells battery chargers, portable power devices and related battery accessories. (ECF No. 1, ¶ 2, PageID #1.) In connection with this business, Plaintiff owns numerous copyrights and registered trademarks. (*Id.*, ¶ 10, PageID #2.) Since April 9, 2021, Defendant Devon Anthony Smith has been selling Plaintiff's products and using its copyrights and trademarks without Plaintiff's authorization or consent. (*Id.*, ¶ 14, PageID #3.)

On April 14, 2021, Plaintiff sent Defendant a letter informing Defendant that it was selling the products without authorization and in violation of Plaintiff's rights

in its copyrights and trademarks. (*Id.*, ¶ 20, PageID #4; ECF No. 1-3, PageID #15.) The letter demanded that Defendant cease such conduct immediately. (ECF No. 1, ¶ 21, PageID #4; ECF No. 1-3, PageID #15.) However, Defendant continued to sell the products without Plaintiff's consent or authorization. (ECF No. 1, ¶ 22, PageID #4.)

On May 5, 2021, Plaintiff filed a complaint against Defendant alleging that Defendant willfully infringed on Plaintiff's intellectual property by engaging in the unauthorized sale of products Plaintiff distributed. (*Id.*, ¶ 1, PageID #1.) Plaintiff asserted claims for unfair competition, trademark infringement and dilution, and tortious interference with contract and deceptive trade practices under Ohio law. (*Id.*, ¶ 30–54, PageID #5–7.)

On February 7, 2022, after Defendant failed to respond, Plaintiff moved for default judgment, seeking permanent injunctive and declaratory relief. (ECF No. 15.) On February 25, 2022, the Court granted Plaintiff's default judgment motion and permanently enjoined Defendant from selling Plaintiff's products. (ECF No. 16.) On May 19, 2022, Plaintiff moved for attorneys' fees and costs. (ECF No. 20.) Defendant has not opposed the motion or otherwise appeared.

## ANALYSIS

Plaintiff obtained default judgment on its claims for trademark infringement under 15 U.S.C. § 1114(1)(a) and trademark dilution under 15 U.S.C. § 1125(c). Therefore, it is the prevailing party in its trademark claims against Defendant. Under 15 U.S.C. § 1117(a), "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case "is simply one that stands

2

out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014)). District courts "determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

In granting default judgment, the Court found that Defendant refused to cease and desist its infringing activity when Plaintiff requested that it do so, and that Defendant's trademark infringement was willful. (ECF No. 15, PageID #101–02.) These findings are sufficient for the Court to conclude that this case is exceptional. *See Coach v. Goodfellow*, 717 F.3d 498, 505–06 (6th Cir. 2013) (upholding the district court's award of attorney fees under the Lanham Act where the defendant had actual notice of the infringing activity yet continued to facilitate the activity and also failed to litigate the issue of liability).

Having determined that the case is exceptional, the Court must next determine whether Plaintiff's requested fee award is reasonable. To determine reasonable attorneys' fees, a district court "begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). To prove that the purported fees are

3

reasonable, the requesting party must provide "evidence supporting the hours worked and rates claimed." *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining a reasonable rate, a court may also consider the awards in analogous cases, *see Johnson v. Connecticut Gen. Life Ins., Co.*, 2008 U.S. Dist. LEXIS 24026, 2008 WL 697639, at *5 (N.D. Ohio 2008), and its own knowledge and experience from handling similar requests for fees, *see Ousley v. General Motors Ret. Program for Salaried Emps.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149–50 (6th Cir. 1986)).

Plaintiff requests $8,642.81 in attorneys' fees and costs, which includes $453.16 in filing and processing fees. (ECF No. 20-2, PageID #162–163.) To support the lodestar, Plaintiff provides (1) its counsel's affidavit setting forth the attorneys' fees and expenses accrued in this matter, and (2) its counsel's billing record. (ECF No. 20-2, PageID #160–63.) Having examined the description of work, the Court determines that the 32.4 hours counsel expended over the last year to research the case, communicate with Plaintiff, draft the litigation documents, and serve Defendant is a reasonable number of hours. (ECF No. 20-2, PageID #162.)

With respect to counsel's hourly rate, the total fee requested is $8,189.65. The initials on the submitted timesheet indicate that multiple individuals billed time to this matter, but Plaintiff does not specifically identify any of them. (*See* ECF No. 20-2.) The initials on the timesheet that correspond to the initials of counsel of record in this case are AMW (which the Court construes as indicating work performed

4

by Alexander M. Welsh) and AEB (which the Court construes as indicating work performed by Anna E. Bullock). There is one timesheet entry for AMW for $164.50 for 0.7 hours (which calculates to an hourly rate of $235), and one timesheet entry for AEB for $460 for 2 hours (which calculates to an hourly rate of $230). (*Id.*, PageID #162.) The initials of five other timekeepers appear on the timesheet: VMV, CB1, DPH, KDS, and SMZ. (*Id.*) VMV billed $112.50 for a total of 0.9 hours, which calculates to an hourly rate of $125; CB1 billed $76.50 for a total of 0.9 hours, which calculates to an hourly rate of $85; DPH billed $97.50 for a total of 0.3 hours, which calculates to an hourly rate of $325; KDS billed $150 for a total of 0.6 hours, which calculates to an hourly rate of $250; and SMZ billed $160 for a total of 0.8 hours, which calculates to an hourly rate of $200. (*Id.*)

Based on the Court's experience, these rates (which range from $85 to $325 per hour) are reasonable in the general legal market in Northeast Ohio. They are even more reasonable when considering the particular market here—intellectual property law, which typically involves rates considerably higher than these. The Court has previously determined that hourly rates for trademark infringement cases in this community ranging from $85 to $440 are reasonable. *See Noco Co. v. Ko*, No. 1:19-CV-1547, 2021 WL 3725655, at *3 (N.D. Ohio Aug. 23, 2021). Accordingly, the Court concludes that the hourly rates charged in this action are reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion and **AWARDS** Plaintiffs $8,189.65 for attorneys' fees and $453.16 in costs, yielding a total award of $8,642.81.

**SO ORDERED.**

Dated: June 3, 2022

                                           J. Philip Calabrese
                                           United States District Judge
                                           Northern District of Ohio